# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **12-04659-jw**

# ORDER ON DEBTORS' MOTION FOR A DETERMINATION OF FINAL CURE AND PAYMENT OF ALL REQUIRED POSTPETITION AMOUNTS, AND AWARDING ATTORNEY'S FEES

The relief set forth on the following pages, for a total of 12 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**10/13/2017**



*US Bankruptcy Judge*
*District of South Carolina*

Entered: 10/13/2017

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 12-04659-JW |
| | Chapter 13 |
| Virgil Lee Ferrell and Judy Annis Ferrell, | |
| Debtors. | |

**ORDER ON DEBTORS' MOTION FOR A DETERMINATION OF FINAL CURE AND PAYMENT OF ALL REQUIRED POSTPETITION AMOUNTS, AND AWARDING ATTORNEY'S FEES**

This matter comes before the Court on the motion of the debtors Virgil Lee Ferrell and Judy Annis Ferrell ("Debtors"), seeking a Determination of Final Cure and Payment of all required Postpetition Amounts pursuant to Bankruptcy Rule 3002.1(h) ("Motion").[1] Present at the hearing on the Motion were the Debtors, their counsel, and the Chapter 13 trustee. No other party appeared, and no objection was filed to the Motion.

After considering the testimony presented at the hearing, together with the record and other matters properly before the Court, and pursuant to applicable legal authorities, the Court rules as follows:[2]

**FINDINGS OF FACT**

1.  The Debtors filed a petition under Chapter 13 of the Bankruptcy Code on July 31, 2012.

---

[1] The Motion asked the Court to determine both that the Debtors' postpetition regular monthly mortgage payments were current, and that there were no other postpetition fees, charges, or expenses that the mortgage servicer could assert were recoverable against the Debtors or their principal residence. *See* Rule 3002.1(b), (c), and (g).

[2] To the extent any of the following Findings of Fact constitute conclusions of law, they are adopted as such, and to the extent any of the following Conclusions of Law constitute findings of fact, they are so adopted.

2.     On August 31, 2012, the Debtors' mortgage creditor, Deutsche Bank National Trust Company as Trustee for the Certificateholders of the Soundview Home Loan Trust 2005-DO1, Asset-Backed Certificates, Series 2005-DO1, by and through its authorized agent, Shellpoint Mortgage Servicing (collectively "Shellpoint"), filed a proof of claim ("Claim #5") for the Debtors' home mortgage loan ("Loan 7209").

3.     The Debtors' confirmed Chapter 13 plan provides for a cure of the Debtors' prepetition payment default on Loan 7209, and maintenance of regular monthly mortgage payments on the loan pursuant to 11 U.S.C. § 1322(b)(5).[3]

4.     On August 14, 2017, Shellpoint filed, as a supplement to Claim #5, a Response to Notice of Final Cure Payment for Loan 7209 ("Supplement"), as required by Bankruptcy Rule 3002.1(g). The Supplement indicated that the Debtors had paid in full the amount required to cure their prepetition default on Loan 7209, but stated that the Debtors were not current on all postpetition payments as required by § 1322(b)(5). Specifically, the Supplement stated that the Debtors were contractually obligated for six (6) postposition payments due on March 1, 2017 through August 1, 2017, for a total postpetition arrearage of $6,671.65.

5.     Upon receipt of the Supplement, Debtors' counsel immediately contacted Shellpoint and provided it with evidence of the Debtors' tender of monthly mortgage payments for the period of March 1, 2017 through July 1, 2017, and requested Shellpoint amend the Supplement.

6.     Shellpoint responded to Debtors' counsel by email on August 17, 2017, and claimed that it had applied all payments made by the Debtors to Loan 7209. Shellpoint then advised Debtors' counsel that the Debtors' postpetition arrearage was not $6,671.65, as

---

[3] Hereinafter, all references to provisions under the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, shall be by section number only.

represented by it in the Supplement filed with the Court three days earlier, but was actually $12,459.64. Shellpoint provided no explanation for the differences between the two figures, and did not amend the Supplement to show that the loan was current as requested by Debtors' counsel. Neither did Shellpoint file an amended or revised Supplement to show the higher postpetition arrearage it asserted in its August 17, 2017 email.

7. On August 28, 2017, the Debtors filed and served the Motion and Notice of Motion and Opportunity for a Hearing ("Notice"), on the Chapter 13 Trustee and Shellpoint. The Notice sets forth the period for objections to the Motion, and informs parties of the September 28, 2017, hearing date on the Motion.[4]

8. In the Motion, the Debtors asked the Court to declare, pursuant to Bankruptcy Rule 3002.1(h), that Loan 7209 was current by virtue of the Debtors' completion of their Chapter 13 plan. The Motion also asked the Court to declare that any sums Shellpoint might seek to collect from the Debtors for any alleged default or postpetition arrearage, fees, charges, or expenses (collectively "Disputed Amounts"), are deemed cured by the Debtors' completion of their Chapter 13 plan, and are cancelled, discharged, and not collectable after entry of the discharge order. Finally, the Motion asks for an award of attorney's fees and costs incurred by the Debtors in connection with their prosecution of the Motion pursuant to Bankruptcy Rule 3002.1(i).

9. At the hearing, the Court heard the testimony of Mrs. Ferrell. Mrs. Ferrell testified that she is responsible for making the monthly mortgage payments on Loan 7209, and that she made the mortgage payments the Supplement claimed were missing.[5] Mrs. Ferrell testified that

---

[4] The Notice indicates that if no objections are filed, the hearing will not be held, "except at the direction of the judge." Although Shellpoint did not file an objection, the Court nevertheless conducted a hearing on the Motion pursuant to the Notice.

[5] While there was some testimony that the Debtors missed a couple of mortgage payments in 2016 due to Mr. Ferrell's health issues, the Supplement does not indicate that any payments were missing during this period. Mrs. Ferrell testified that she discussed the missed payments with Shellpoint, who advised her that it was "ok." Mrs. Ferrell's

3

she has not heard from Shellpoint about any missed payments and that, despite her inquiries and those of Debtors' counsel, Shellpoint has failed to provide an explanation for discrepancy between the figures claimed in the Supplement and its email to her attorney. Mrs. Ferrell testified that it was very important for the Debtors to receive their Chapter 13 discharge, and asked that the Court deem Loan 7209 current as of the date of the Supplement, and award the Debtors attorney's fees and costs in the amount of $1,500.

## **CONCLUSIONS OF LAW**

A.      <u>The Debtors' alleged postpetition arrearage</u>.

Bankruptcy Rule 3002.1 governs the giving of notices related to any claim secured by a security interest on a debtor's principal residence, and establishes a procedure designed to ensure that at the end of a chapter 13 case, the debtor has made all payments required under the plan, and exits chapter 13 with both a discharge and a current home mortgage loan. *See* Fed. R. Bankr. P. 3002.1, Advisory Committee Notes (2011) (Rule 3002.1 was added "to aid in the implementation of § 1322(b)(5)," and to ensure that chapter 13 trustees and debtors receive timely notice of any changes or charges to their mortgage loans to enable them "to challenge the validity of any such charges, if appropriate, and to adjust postpetition mortgage payments to cover any undisputed claim adjustment."). To this end, Bankruptcy Rule 3002.1(g) requires that a mortgage creditor, within 21 days of its receipt of the chapter 13 trustee's Notice of Final Cure Payment, file and serve a statement that indicates:

> (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code.

---

testimony indicated that she interpreted Shellpoint's statement to mean that any payments missed in 2016 were excused; a credible assumption given Shellpoint's failure to contact the Debtors over the next year regarding any alleged delinquencies.

4

Fed. R. Bankr. P. 3002.1(g). Although the statement filed pursuant to Rule 3002.1(g) is treated as a supplement to the mortgage creditor's previously filed proof of claim, a 3002.1(g) supplement does not enjoy the same *prima facie* presumption of validity as does the mortgage creditor's underlying proof of claim. *Id.*; *see also* Fed. R. Bankr. P. 3001(f).

If a debtor disagrees with the mortgage creditor's 3002.1(g) supplement, he or she may, within 21 days of the supplement, file a motion seeking a judicial determination of the status of the mortgage loan pursuant to Bankruptcy Rule 3002.1(h). If the debtor files such a motion, the issue of the status of the mortgage loan becomes a contested matter under Bankruptcy Rule 9014, and proceeds accordingly. *See In re Carr*, 468 B.R. 806, 808 (Bankr. E.D. Va. 2012).

If, upon receipt of a Rule 3002.1(h) Motion, the mortgage creditor still believes that the debtor's mortgage loan has a postpetition arrearage, the mortgage creditor must appear at the hearing on the debtor's Rule 3002.1(h) motion and present evidence to establish its entitlement to the postpetition amounts claimed in its supplement. *See In re Kreidler*, 494 B.R. 201, 206 (Bankr. M.D. Pa. 2013) (mortgage creditor has the burden of appearing and proving its claim for postpetition defaults); *In re Galvan*, 2014 WL 1347977, at *2 (Bankr. S.D. Tex. April 4, 2014) ("The claimant bears the burden of proof as to whether postpetition charges are allowed under Bankruptcy Rule 3002.1(h)."); *In re Rodriquez*, 2013 WL 3430872, at *4 (Bankr. S.D. Tex. July 8, 2013) ("The court infers from the absence of a presumption of *prima facie* validity that the claimant bears the burden of proof under Bankruptcy Rule 3002.1(h)."). If the mortgage creditor fails to appear at the hearing, or appears at the hearing but fails to submit evidence that establishes its entitlement to the postpetition amounts described in its supplement, the mortgage creditor has not met its burden of proof. In this event, the Court may find that the alleged postpetition arrearage did not exist, or find that the mortgage creditor has waived the opportunity to claim and collect

5

these amounts. *See In re Kreidler*, 494 B.R. at 206 (holding that, because it failed to appear at the hearing on the debtor's Rule 3002.1(h) motion to establish its postpetition arrearage, the mortgage creditor's postpetition arrearage was satisfied as of the date of its last statement supplementing its proof of claim); *In re Rodriquez*, 2013 WL 3430872, at *4 (ruling that, because mortgage creditor failed to appear at the hearing on debtor's Rule 3002.1(h) motion to present evidence to support the sums claimed in its supplement, the debtors had paid all required postpetition amounts); *In re Bodrick*, 498 B.R. 793, 803 (Bankr. N.D. Ohio 2013) (holding that, even in the absence of an objection filed by a debtor or trustee, a mortgage creditor's Rule 3002.1(g) statement has no presumptive validity); *In re Galvan*, 2014 WL 1347977 (Bankr. S.D. Tex. April 4, 2014) (finding that a mortgage creditor who attended the hearing on the trustee's motion to deem mortgage current, but who failed to present any evidence to support the postpetition sums it claimed to have advanced, did not meet its burden of proof to support the figures contained in its supplement, resulting in the entry of an order deeming debtor's mortgage current).

In the present case, in response to the Supplement, the Debtors filed and served a timely motion pursuant to Rule 3002.1(h), thereby placing the accuracy and substance of the information contained in the Supplement squarely before the Court. Shellpoint was served with the Notice and Motion, and failed to file an objection or other response. Shellpoint also failed to appear at the hearing on the Motion and present evidence to establish its entitlement to the Disputed Amounts. These facts, coupled with the Debtors' testimony at the hearing regarding the loan payments that were identified in the Supplement, lead the Court to conclude that Shellpoint failed to meet its burden of proof on the issue of its entitlement to the Disputed Amounts. Pursuant to Bankruptcy Rule 3002.1(h), the Court finds that Shellpoint has waived its right to the Disputed Amounts. The

Court further finds that the Debtors have paid all required postpetition amounts on Loan 7209, and declares that Loan 7209 is current as of August 14, 2017.

B.    The Debtors' request for attorney's fees.

The Debtors ask the Court to invoke Bankruptcy Rule 3002.1(i) and award them the attorney's fees they incurred in connection with their prosecution of the Motion. The Debtors' assert a fee award is warranted as a result of Shellpoint's failure to provide the Debtors with accurate information required by Rule 3002.1(b), (c), and (g).[6]

In the present case, no evidence was presented regarding Shellpoint's compliance (or failure to comply) with Bankruptcy Rule 3002.1(b) or (c). The Court has reviewed the record, and it appears from the claims register that Shellpoint caused five (5) Notices of Mortgage Payment Change to be filed as required by Bankruptcy Rule 3002.1(b), but filed no Notice of Fees, Expenses and Charges pursuant to Bankruptcy Rule 3002.1(c).[7]

Because it appears that Shellpoint complied with subsection (b), the Debtors' request for attorney's fees for Shellpoint's failure to comply with subsection (b) is denied. With respect to subsection (c), nothing before the Court indicates either that Shellpoint has assessed or is attempting to collect any postpetition fees, expenses, or charges. In the absence of such evidence, the Court must conclude that no such fees, expenses, or charges exist, and no fee award based on

---

[6] Bankruptcy Rule 3002.1(i) provides that if a mortgage creditor fails to provide the information required by Bankruptcy Rule 3002.1(b), (c), or (g), the Court may, among other sanctions, "award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure."

[7] Bankruptcy Rule 3002.1(c) requires a mortgage creditor to file with the Court a notice:

> itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

7

a failure to comply with subsection (c) is warranted.[8] The Debtors' request under, and Shellpoint's compliance with, subsection (g), is another matter.

Shellpoint's Supplement was timely filed and contained Shellpoint's assertions regarding the Disputed Amounts. However, Shellpoint failed to appear to prove its entitlement to the Disputed Amounts, and the evidence presented at the hearing calls into question the amounts the Supplement claims are due.

Because of the serious consequences of an uncured, postpetition payment default,[9] upon receipt of the Supplement, Debtors' counsel promptly contacted Shellpoint to dispute the Supplement, and was provided with information that conflicted with that contained in the Supplement. Thereafter, counsel formally disputed the accuracy of the Supplement by filing and prosecuting the Motion at the hearing and, in so doing, the Debtors incurred $1,500 in attorney's fees and costs.

Mortgage creditors filing supplements pursuant to Bankruptcy Rule 3002.1(g) are required to submit the supplements under penalty of perjury. *See* Official Bankruptcy Form 4100R; *In re Nieves*, 449 B.R. 222, 225 (Bankr. D.P.R. 2013) (the supplement required by Bankruptcy Rule

---

[8] Although there is no basis to award the Debtors' attorney's fees for Shellpoint's noncompliance with Rule 3002.1(c), Shellpoint's failure to submit any evidence on this issue in response to the Motion supports a ruling that Shellpoint is precluded from attempting to collect any fees, expenses, or other charges that Shellpoint may have incurred in connection with Claim #5 after the bankruptcy case was filed.

[9] Recent case law in this and other courts has found that a discharge pursuant to § 1328(a) may not be issued for a debtor who fails to make direct mortgage payments to his mortgage creditor as provided for in the confirmed plan, due to the fact that the failure to make such payments is a material default with respect to the confirmed plan. *See In re Dowey*, Case No. 12-2002, *slip op.* (Bankr. D.S.C. February 9, 2017) (denying debtors' request for a discharge pursuant to § 1328(a) due to their failure to pay all ongoing mortgage payments to their mortgage creditor); *In re Wehrman*, Case No. 11-2759, *slip op.* (Bankr. D.S.C. November 9, 2016) (denying debtor's request for a discharge pursuant to § 1328(a) and dismissing chapter 13 case due to debtor's failure to make direct payments to mortgage creditor pursuant to confirmed chapter 13 plan); *see also In re Evans*, 543 B.R. 213 (E.D. Va. 2016) (although debtor had made all payments to the chapter 13 trustee, debtor's failure to make payments to directly to her mortgage creditor was a default under the confirmed plan that prevented debtor from receiving a discharge); *Kessler v. Wilson (In re Kessler)*, 2015 WL 4726794 (Bankr. N.D. Tex. June 9, 2015) *aff'd* 655 F. App'x 242 (5th Cir. 2016) (denying a discharge under § 1328(a) after holding that "payments under the plan" includes maintenance payments made directly to the creditor under § 1322(b)(5)); *In re Hoyt-Kieckhaben*, 546 B.R. 868 (Bankr. D. Colo. 2016) (same); *In re Heinzle*, 511 B.R. 69 (Bankr. W.D. Tex. 2014) (same).

8

3002.1(g) must be filed under penalty of perjury). Although Rule 3002.1(g) does not state that the supplement must be accurate, the rule does mandate that the supplement be filed. Because of the importance and mandatory nature of the Supplement, the Court has little difficulty finding that implicit in Rule 3002.1 is the requirement that the information the mortgage creditor provides be accurate. *See In re Howard*, 563 B.R. 308, 315 (Bankr. N.D. Cal. 2016) ("An inaccurate response under Rule 3002.1(g) complies neither with the letter nor the spirit of Rule 3002.1 and defeats the very purpose for which Rule 3002.1 was enacted."). Shellpoint provided the Debtors with inconsistent information regarding the status of their postpetition mortgage, failed to object to the Motion and Notice, and failed to appear at the hearing and submit evidence to support the figures contained in the Supplement. These factors, coupled with the Debtors' testimony that contradicts the amounts set forth in the Supplement, cause the Court to find the Supplement is incorrect and inaccurate.

The filing of an incorrect and inaccurate Rule 3002.1(g) statement is the equivalent of filing no statement at all. Indeed, an incorrect statement could be viewed as worse than no statement. When confronted with an inaccurate 3002.1(g) statement, a debtor is left with little alternative[10] but to respond with a Rule 3002.1(h) motion, to attend a hearing on the motion, and incur attorney's fees and expense. For these reasons, the Court finds that it is appropriate to treat Shellpoint's inaccurate Supplement as the equivalent of a failure to provide the information required by Bankruptcy Rule 3002.1(g), thus subjecting Shellpoint to sanctions pursuant to Bankruptcy Rule 3002.1(i)[11] and § 105. *See In re Howard*, 563 B.R. at 314-15 (holding that mortgage creditor's

---

[10] A possible and serious consequence of a Rule 3002.1(g) supplement indicating that a debtor is not current with his postpetition mortgage payments is that the debtor may be denied a discharge. *See supra* n.9. It is undisputed that the denial of the benefit of the discharge, for which they have worked so hard, would work a significant hardship on these Debtors.

[11] As additional and further grounds, based on the testimony and evidence presented by the Debtors at the hearing, the Court finds that the Debtors have also stated a claim for misapplication of their payments by Shellpoint, in

9

"inaccurate and confusing" Rule 3002.1(g) supplements did not comply with either "the letter nor the spirit of," the rule, and justified the court treating the defective responses as no response).

In addition, pursuant to § 105 of the Code, this Court:

> may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

As this Court and other courts have previously held, an award of attorney's fees for conduct that interferes with enforcement of the provisions of the Bankruptcy Code falls squarely within this Court's power under § 105. *See In re Walters*, 868 F.2d 665, 669 (4th Cir. 1989) (bankruptcy courts have the power to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code); *In re Ulmer,* 363 B.R. 777, 781 (Bankr. D.S.C. 2000) (holding that the broad language of § 105 grants the Bankruptcy Court the power to prevent abuses of process; this power includes the power to sanction a creditor for misconduct, such as providing its counsel with incorrect information which forms the factual basis for documents filed with the Court seeking relief).

The Court finds that counsel's requested fees of $1,500 are reasonable and warranted under the circumstances of this case. Therefore, within fourteen (14) days of entry of this Order, Shellpoint is directed to tender to counsel for the Debtors[12] certified funds in the amount of $1,500 ("Fee Award"), to compensate the Debtors for the fees and costs they incurred in connection with the Motion.

---

contravention of the terms of the Confirmed Plan and § 1328. This also forms the basis for an award of attorney's fees pursuant to § 105.

[12] Certified funds in the amount of the Fee Award should be mailed to Debtors' counsel, David H. Breen, Esq., 1341 44th Ave. N., Ste. 200, Myrtle Beach, SC 29577. Debtors' counsel is directed to notify chambers upon Shellpoint's compliance with the provisions of this Order.

Based on the foregoing, it is therefore ORDERED THAT:

1. The Motion is GRANTED. Loan 7209 is deemed to be current as of and through August 14, 2017.

2. The Disputed Amounts are deemed waived and/or cured by the Debtors' completion of their confirmed Chapter 13 plan.

3. To the extent that there exists any other postpetition amounts for fees, charges, and/or expenses that Shellpoint might assert were incurred in connection with Claim #5 and are recoverable against the Debtors or their property, these sums are deemed waived, cancelled, and discharged.

4. Any attempt by Shellpoint to collected the Disputed Amounts or any other postpetition amounts for fees, charges, and or expenses, is and shall be a willful violation of this Order and the discharge injunction of § 524, and punishable by the contempt powers of this Court.

5. Within fourteen (14) days of entry of this Order, Shellpoint is directed to pay the Fee Award to counsel for the Debtors.

**AND IT IS SO ORDERED.**